[No. 10597.  Department One.  November 12, 1912.]

C. N. REITZ et al., *Plaintiffs*, v. M. E. BRYANT, *Appellant*, M. O. CARTON, *Respondent*.[1]

BROKERS—CONTRACT FOR COMMISSIONS—PERFORMANCE AND OPERA-
TION—FRAUDS, STATUTE OF.  Under Rem. & Bal. Code, § 5289, requir-
ing a contract employing a broker to sell real estate upon a com-
mission to be in writing, a broker cannot recover for effecting an
exchange of his principal's property, where the written contract
employed him to make the exchange for certain specified property,
which on inspection proved unsatisfactory and such trade was never
consummated, although the broker was afterwards instrumental in
effecting an exchange for other property not mentioned in the writ-
ten contract of employment.

Appeal from a judgment of the superior court for King county, Gay, J., entered December 5, 1911, upon findings in favor of a garnishee, in an action on contract.  Affirmed.

*Reeves Aylmore, Jr.,* for appellant.
*Miller & Lysons,* for respondent.

PARKER, J.—This action was commenced and prosecuted to final judgment in the superior court by C. N. Reitz et al. against M. E. Bryant et al.  M. O. Carton was served with garnishee process at the instance of the plaintiffs, and having answered that he was not indebted to any of the defendants, the plaintiffs did not controvert his answer.  The defendant Bryant, however, did controvert the answer of the

[1] Reported in 127 Pac. 583.

garnishee defendant. Issues being formed by proper plead-
ings under the direction of the court, as provided by Rem.
& Bal. Code, § 702, upon the question of Carton's indebted-
ness to Bryant, a trial before the court without a jury was
had, resulting in a judgment in favor of the garnishee de-
fendant Carton, dismissing the garnishment proceedings. De-
fendant Bryant has appealed from that judgment.

Appellant seeks to recover from respondent $1,000, as
compensation claimed by him to have been earned under the
following written contract:

"This agreement, made and entered into this 15th day of
May, 1911, by and between M. O. Carton and M. E. Bryant,
in effecting exchange or sale for the property of M. O.
Carton known as 5 lots fronting 120 feet on Fremont Ave-
nue in Denny and Hoyt's Supl. Addition to the City of Seat-
tle. The above property to be exchanged for two hundred
fifty acres of land in Medford, Jackson County, Oregon,
owned by P. S. Barneburg and held under contract by Aylor
and Boyd of Medford, Oregon. M. O. Carton agrees to pay
for effecting said deal, a commission of One Thousand Dol-
lars ($1,000) and M. E. Bryant agrees to accept the same in
a tract or parcel of land at the price paid by M. O. Carton.
Land to be delivered by good and sufficient deed, free and
clear of all encumbrances to the value of One Thousand
($1,000) Dollars in full for the above commission.

"M. O. CARTON,
"M. E. BRYANT."

Negotiations looking to the exchange of the properties
mentioned in this contract had proceeded to the stage that
such exchange depended upon respondent's personal examina-
tion of, and becoming satisfied with, the Oregon property
with which he was then unacquainted. A tentative written
sale agreement was, on the date of the compensation contract
above quoted, entered into between the owners of the Oregon
property and respondent, containing the following provision:

"M. O. Carton agrees to go at once to Medford, Oregon,
and examine the property herein referred to of Aylor and
Boyd, and if the same proves satisfactory the parties hereto

·agree to effect through M. E. Bryant an exchange or sale as may be best determined by the parties interested after such examination has been made by M. O. Carton."

In pursuance of this understanding between all the parties, respondent and appellant proceeded to Medford, Oregon, when the property there located was examined, and it proving to be unsatisfactory to appellant, he declined to consummate the exchange, and such exchange never was consummated upon any terms. While at Medford and soon after declining to carry out the exchange as theretofore tentatively agreed upon, respondent became interested in other property owned by other persons in the neighborhood of Medford, which resulted in his acquiring such other property by an exchange of his Seattle property therefor, and assuming an obligation to pay therefor a considerable sum in addition. For the sake of argument, we may assume that appellant was instrumental in bringing about the consummation of this deal.

It is contended by appellant that, since he was instrumental in bringing about an exchange of respondent's property for other property in Oregon than that mentioned in their compensation contract above quoted, he is entitled to $1,000 commission thereon, resting his claim upon this contract. The theory of counsel for appellant seems to be that he is entitled to this compensation, as if he had been employed by written contract and thereby given general authority to find a purchaser for appellant's Seattle property. We think that appellant's right to such compensation cannot be maintained upon this theory. The compensation contract refers to the exchange of specifically named property. It will be noticed that it is expressly provided in the contract that appellant agrees to accept his $1,000 commission "in a tract or parcel of land, at the price paid by M. O. Carton." The only reasonable inference to be drawn from this provision is that the land appellant was to accept in payment of his commission was a portion of the same land that respondent was to acquire by that proposed exchange. This fact lends support to the

view that the compensation contract limited the service to be rendered to an exchange of the specified properties, or in any event to an exchange of property between the same persons. It seems clear to us that the compensation which appellant is here seeking to recover is for an entirely different service and one to which the contract he sues upon has no reference whatever. This is not a suit to recover reasonable compensation for services rendered upon an implied contract. The fact that there was no contract in writing to support a claim for the services claimed to have been rendered would defeat appellant's claim therefor under our statutes requiring such a contract to be in writing, in any event. Rem. & Bal. Code, § 5289.

The judgment is affirmed.

MOUNT, C. J., CROW, GOSE, and CHADWICK, JJ., concur.